

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. 0-4338
Re: Authority of Commissioners'
Court to pay deputy sheriff
a greater sum of money than
the amount specified in Art.
3902, Vernon's Civil Statutes.

We have received your letter of recent date
wherein you request our opinion upon the above stated
question.

We quote from your letter as follows:

"The Humble Oil & Refining Co. has asked
the County to deputize a man whose duty it is
to guard their oil storage plants and oil wells.
They have also requested Commissioners' Court
to permit the company to pay the county each
month a sum equaling the salary of this Deputy
Sheriff, and for the County in turn to pay the
salary of such deputy.

"The company gives various reasons why they
want their guard to be paid in this manner, the
principal one being that he would then be an of-
ficer of the law, and duly qualified as such.

"However, the company wants to pay such of-
ficer a salary of $200.00 per month, and the county
can pay such deputy a salary of not exceeding
$125.00 per month.

"May the county, in your opinion, pay this deputy a salary of $125.00 per month and in addition grant an allowance of $75.00 per month for expenses?"

Liberty County, according to the 1940 Federal census, has a population of 24,541.

Article 3902, Vernon's Civil Statutes, provides, in part, as follows:

"Whenever any district, county, or precinct officer shall require the services of deputies, assistants, or clerks in the performance of his duties, he shall apply to the county commissioners' court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions, and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the commissioners' court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amounts hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services, shall be a reasonable one not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first

assistant or chief deputy not to exceed Eighteen
Hundred Dollars ($1800) per annum; further as-
sistants, deputies or clerks not to exceed Fifteen
Hundred Dollars ($1500) per annum each."

The only authority under which a commissioners'
court may assist in the appointment of the deputies named
in Article 3902, supra, is the authority conferred therein,
and such authority must be executed only in the manner pre-
scribed in the statute. Said court has limited jurisdiction,
and when statutory authority is given for the exercise of
certain powers or the performance of certain duties, those
requirements must be strictly followed in every essential
detail performed as provided. State v. Johnson, 52 S. W. (2d)
110.

Said Article 3902 sets out specifically the manner
in which appointments of deputies are to be made. When
sworn application and the form outlined in Article 3902
has been presented to the commissioners' court, then the
commissioners' court has authority to make its own order
authorizing the appointment of such deputies, assistants
and clerks, fixing the compensation of such deputies, as-
sistants and clerks within the legal limitations.

We have been unable to find any statute authorizing
the commissioners' court to grant to any county officer a
flat sum as allowance for expenses.

The compensation of public officers is fixed by
the Constitution and statutes. An officer may not claim or
reach any money without a law authorizing him to do so, and
clearly fixing the amount to which he is entitled. An of-
ficer is not entitled to any compensation in addition to
that which has been fixed by law for the performance of the
duties of his office, even though the compensation so fixed
is unreasonable or inadequate. He may be required by law
to perform specific services or discharge additional duties
for which no compensation is provided. The obligation to
perform such services is imposed as an incident to the of-
fice and the officer by his acceptance thereof is deemed to
have engaged to perform them without compensation. Terrell
v. King, 14 S. W. (2d) 786; McCalla v. City of Rockdale, 246
S. W. 654; Crosby County Cattle Company v. McDermett, 281 S. W.

293; Stringer v. Franklin County, 123 S. W. 1168.

In view of the foregoing authorities, it is our opinion that the Commissioners' Court of Liberty County may not authorize the appointment of a deputy sheriff and grant him an expense allowance of Seventy-Five Dollars ($75.00) per month in addition to the maximum compensation of Fifteen Hundred Dollars ($1500) per annum ($125.00) per month) prescribed under Section 1 of Article 3902. As above stated Article 3902, supra, sets out specifically the manner in which the appointment of deputies are to be made. It will be noted that this statute requires the sheriff or any other officer making application to the commissioners' court for authority to appoint deputies, assistants or clerks, to state by sworn application the number needed, the positions to be filled and the amount to be paid. Unless such deputies, assistants or clerks are actually needed, the officer making application for authority to appoint such deputies, etc. would have no legal authority to make a sworn statement to the effect that such deputies, etc., are needed, when in fact, such deputies, assistants or clerks are not needed.

A deputy sheriff is required to give bond to the sheriff; he is subject to the orders of the sheriff and must be available for duty whenever and wherever the sheriff sees fit to assign him. Under the facts as submitted in your letter, this deputy is to be assigned to guard the oil storage plants and oil wells of a private concern. He will of necessity have to devote his entire time to this task, and will not be available for assignment elsewhere. He will not be subject to the orders of the sheriff, nor will he be responsible to him. Under these circumstances, it is our opinion that the sheriff would have no authority or legal right to issue a commission to a person to perform such services.

Furthermore, we are enclosing herewith a copy of our opinion No. 0-207 which holds that the sheriff does not have the authority to issue commissions to persons who have jobs as watchmen or as poundmasters.

Trusting that the foregoing satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. Burle Davis
Assistant

DBD:FS